IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS MANDEVILLE,

Plaintiff,

v.

CLINITY TALENT, LLC and ROBERT PALERMO,

Defendants.

OPINION and ORDER

25-cv-104-jdp

Defendant Robert Palermo, the chief executive officer of defendant Clinity Talent, LLC, fired plaintiff Thomas Mandeville, Clinity's vice president, after he made a competitive offer to one of Clinity's potential clients. Mandeville brought this lawsuit to recover commissions that he earned before he was fired. The court recently granted summary judgment to Mandeville because the undisputed facts showed that defendants breached his employment contract and violated Wis. Stat. § 103.455, which limits an employer's ability to deduct funds from its employee's wages for work-related losses. In its opinion, the court stated that it would enter judgment and close the case "[b]ecause all claims and counterclaims have been resolved on the merits and damages have been determined." Dkt. 91, at 22.

Mandeville now asserts that all claims have *not* been resolved. Dkt. 92. He contends that there is one claim left: Count IV of his second amended complaint, which asserted violations under Chapter 109 of the Wisconsin Statutes. Dkt. 74, at 17. Chapter 109 provides employees with a right of action against their former employers to recover their unpaid wages, including their commissions. Wis. Stat. §§ 109.01(3); 109.03(2), (5). In addition to unpaid wages, the court may order employers to pay their employees up to double their wages as a penalty. *See* Wis. Stat. § 109.11(2).

The court begins by clarifying the difference between a "claim" and a "count." A "claim" is the set of operative facts that raise a right to relief under some legal theory. *St. Augustine Sch. v. Underly*, 78 F.4th 349, 352 (7th Cir. 2023). The "counts" in a plaintiff's complaint are not "claims"—they are the legal theories the plaintiff is using as vehicles to pursue his claim. *Bertrang v. City of Mondovi*, No. 17-cv-918-bbc, 2018 WL 3978109, at *4 (W.D. Wis. Aug. 20, 2018). Different legal theories do not multiply the claims for relief; instead, "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *N.A.A.C.P. v. Am. Fam. Mut. Ins.*, 978 F.2d 287, 292 (7th Cir. 1992). As a result, once a plaintiff recovers the full relief available for a single injury, he cannot recover additional damages for the same injury under a different legal theory. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018).

Applying these principles to this case, Mandeville does not have a "claim" under Chapter 109. Instead, his "claim" is the injury resulting from defendants' failure to pay him the commissions he earned before he was fired. Mandeville already secured relief for this injury—the court awarded him $169,227, which is two times the amount of his earned commissions. Mandeville cannot recover the same relief under a different legal theory. *Berner Cheese Corp. v. Krug*, 2008 WI 95, ¶ 57 n.14, 312 Wis. 2d 251, 752 N.W.2d 800.

If Mandeville is contending that he did not receive full relief for his injury because he could recover his attorney fees and costs under Chapter 109, *see* Wis. Stat. § 109.03(6), then he faces a different problem. It is not clear whether Chapter 109 even applies to Mandeville. Chapter 109 provides *employees* with a right of action. Wis. Stat. § 109.03(5). For purposes of the Chapter, an "employee" does not include "a person employed in a managerial, executive,

or commissioned sales capacity." Wis. Stat. § 109.01(1r). Mandeville was Clinity's vice president, and he earned commissions in that role, so Chapter 109 appears to be inapplicable.

Mandeville may have until June 5, 2026, to show cause why the court should not enter judgment and close this case; defendants may have until June 9, 2026, to respond.

## ORDER

IT IS ORDERED that: Mandeville may have until June 5, 2026, to show cause why the court should not enter judgment and close this case; defendants may have until June 9, 2026, to respond.

Entered June 3, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge