IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS MANDEVILLE,

Plaintiff,

v.

CLINITY TALENT, LLC and ROBERT PALERMO,

Defendants.

OPINION and ORDER

25-cv-104-jdp

This is a case about unpaid commissions. The court granted summary judgment to plaintiff Thomas Mandeville on his breach of contract and state wage claims and awarded him damages in the amount of $169,227, because the undisputed facts showed that defendants Clinity Talent, LLC and Robert Palermo breached Mandeville's employment contract and violated Wis. Stat. § 103.455 by withholding the commissions Mandeville earned before he was fired. Dkt. 91. But before the court entered judgment in the case, defendants filed a notice of appeal of the court's summary judgment ruling. Dkt. 98.

The court observed that the court of appeals would likely decide that it lacked jurisdiction to hear the appeal and indicated that, if defendants chose to dismiss their appeal, the court would promptly enter judgment. Dkt. 99. The general rule is that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). As a practical matter, this general rule prevents courts from stepping on each other's toes and ensures that only one court exercises jurisdiction over a case at any given time. But there are exceptions, including that a premature notice of appeal "does not prevent the district court from finishing its work and rendering a final decision."

*Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006); *see INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 502 (7th Cir. 2020). In accordance with this exception, the court of appeals recently ordered the parties to file a statement with the court of appeals advising whether they would request in this court that judgment be set out in a separate document under Federal Rule of Civil Procedure 58(d). No. 26-2396 (7th Cir.), Dkt. 2.

Mandeville now moves for entry of separate judgment, and he seeks prejudgment and postjudgment interest. Dkt. 101. The court will grant Mandeville's motion in part.

The court will grant Mandeville's request for entry of judgment in a separate document. Defendants' premature notice of appeal does not prevent this court from entering judgment. *See Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 847 (7th Cir. 2025). The clerk of court is therefore directed to enter judgment.

But the court will deny without prejudice Mandeville's request for prejudgment interest. It is not clear whether Mandeville sought prejudgment-interest relief in his complaint. *See* Dkt. 74, at 20. In any event, the proper vehicle for requesting prejudgment interest at this point is a Rule 59(e) motion to amend a judgment. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989); *Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 647 (2016). That is because the issue of whether to award prejudgment interest is part of the merits. *See Pace Commc'ns, Inc.*, 31 F.3d at 591; *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987). If Mandeville wants to request prejudgment interest, he must file a separate motion under Rule 59(e).

The court will deny as unnecessary Mandeville's request for postjudgment interest. Litigants are automatically entitled to postjudgment interest on money judgments in civil cases. 28 U.S.C. § 1961(a). "Expressly awarding such interest as part of the judgment is redundant." *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994).

The court will strike the briefing schedule previously set for Mandeville's motion for entry of separate judgment.

## ORDER

IT IS ORDERED that:

1.  Plaintiff Thomas Mandeville's motion for entry of separate judgment, Dkt. 101, is GRANTED in part and DENIED in part. The motion is granted as to Mandeville's request for entry of judgment in a separate document. The motion is denied without prejudice as to Mandeville's request for prejudgment interest. Mandeville's request for postjudgment interest is denied as unnecessary.

2.  The clerk of court is directed to enter judgment on the court's summary judgment ruling, Dkt. 91, and its ruling directing the clerk of court to enter judgment in accordance with the summary judgment ruling, Dkt. 96.

3.  The briefing schedule previously set for Mandeville's motion for entry of separate judgment is STRUCK.

Entered July 16, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge